IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:10-CR-03069-DGK-14 |
| | ) | |
| JILL ANN ASKINS, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE

Pending before the Court is Defendant's pro se Motion for reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 794[1] of the United States Sentencing Guidelines ("U.S.S.G."), on the basis she was a minor participant in the crime she pled guilty to committing (Docs. 620 & 621).

**Background**

On November 28, 2012, Defendant pled guilty, pursuant to a written plea agreement, to Count One of the fourth Superseding Indictment, charging her with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B). Plea Agrmnt. (Doc. 332). In this agreement, Defendant waived her right to attack her sentence, directly or collaterally, on any ground except for claims of ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence. *Id.* ¶ 15. The agreement defines an "illegal sentence" as one "imposed in excess of the statutory maximum," and states the term specifically "does *not* include less serious sentencing errors, such as a misapplication of the Sentencing

---

[1] Amendment 794 amended the commentary to U.S.S.G. § 3B1.2, providing for a downward adjustment to the offense level if the defendant was a minimal or minor participant in the criminal activity. The amendment went into effect on November 1, 2015. U.S.S.G. app. C, amend. 794 (2015).

Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." *Id.* (emphasis in original).

The Court ordered the Probation and Parole Office to complete a Presentence Investigation Report ("PSR"). In calculating Defendant's Guidelines range, the Probation and Parole Office did not find that she was eligible for a reduction under § 3B1.2, for being a minor or minimal participant in the offense. *See* PSR ¶ 20 (Doc. 393). Neither party filed an objection to the PSR. The proposed guidelines calculated a range of imprisonment of 235 months to 293 months. *Id.* at ¶ 80.

On November 21, 2013, after reviewing the findings in the PSR, granting the Government's motion for downward departure, and conducting an independent analysis of the sentencing factors in 18 U.S.C. § 3553(a), the Court sentenced Defendant to 132 months' imprisonment, followed by five years' supervised release. This sentence was below the advisory range and below the statutory maximum of life imprisonment.

On August 2, 2016, Defendant filed a pro se motion to reduce her sentence pursuant to the 2014 Drug Guidelines Amendment 782 (Doc. 555). Her motion was granted and her sentence was reduced to 105 months (Doc. 606).

Now Defendant seeks to reduce her sentence further based on Amendment 794. Under this amendment, Defendant is seeking a four-level reduction to her Guidelines sentence. Additionally, Defendant requests a downward departure for excessive post-offense rehabilitation efforts.

**Discussion**

Defendant's motion is denied because she waived the ability to challenge her sentence and Amendment 794 is not one that can be applied retroactively. First, Defendant waived her right to challenge her sentence. Defendant was represented by counsel during the preparation of the PSR and was afforded ample opportunity to object to any portion of the report she felt was in error, including

the proposed guideline calculations. Additionally, Defendant had an opportunity at her sentencing hearing to object to the Court's calculation of her Guidelines range. Any objections to the PSR that were not raised at sentencing are waived. *United States v. Mora–Higuera*, 269 F.3d 905, 913 (8th Cir. 2001). Further, she waived her right to attack her sentence in her plea agreement. Defendant was sentenced to a term of imprisonment that was not in excess of the statutory maximum and, therefore, not an illegal sentence.

Second, Amendment 794 is not retroactive. A court has jurisdiction to modify a term of imprisonment after it has been imposed only where expressly permitted by 18 U.S.C. § 3582. *United States v. Auman*, 8 F.3d 1268, 1270-71 (8th Cir. 1993). Section 3582(c)(2) "permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission." *Id.* at 1271. Such reduction must be consistent with applicable policy statements of the Sentencing Commission. *Id.* Those "applicable policy statements" are found in U.S.S.G. § 1B1.10. Amendment 794 is not listed in § 1B1.10(d) as an amendment that applies retroactively. U.S.S.G. § 1B1.10(a)(2)(A), (d), cmt. n.1(A). Thus, the Court is without jurisdiction to reduce Defendant's sentence. *See United States v. Gonzalez-Lemus*, 214 F. Supp. 3d 794, 975 (D. Neb. 2016) (finding Amendment 794 is not retroactive); *cf. United States v. Quintero-Levya*, 823 F.3d 519, 523 (9th Cir. 2016) (finding Amendment 794 "applies retroactively to *direct appeals*.") (emphasis added).

Finally, Defendant's request for a reduction of her sentence based on her post-offense rehabilitation efforts is denied. The Court is encouraged Defendant is taking steps to rehabilitate herself. However, at this time the Court cannot reduce her sentence based on this conduct alone.

Accordingly, the motions are DENIED.

3
Case 6:10-cr-03069-DGK     Document 623     Filed 06/13/18     Page 3 of 4

**IT IS SO ORDERED.**

Dated: June 13, 2018                              /s/ Greg Kays
                                                  GREG KAYS, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT